No. 2448.

R. O. FAIRES *v.* F. E. YOUNG.

1. VENUE—STATUTE CONSTRUED.—In a case where the proper venue depended on the residence of the defendant, it was found that he had gone from the county in which he had first lived to another county, and had there engaged in business, taking with him all his movable property; that he had sold his house and given possession, but had returned and was only prevented from removing his family by sickness, and it was notorious that he had removed from the county of his former residence; *held*, that when it is uncertain in which of the two counties a defendant has his residence, he may be sued in either. In this case he could not properly be sued in the county where he first resided.

APPEAL from Fayette. Tried below before the Hon. H. Teichmueller.

*Phelps & Lane*, for appellant, cited Giddings v. Steele, 28 Texas, 751; Tucker v. Anderson, 27 Texas, 281; Wilson v. Bridgeman, 24 Texas, 617; Brown v. Boulden, 18 Texas, 432.

*Robson & Rosenthal*, for appellees.

WILLIE, CHIEF JUSTICE. Judgment was rendered below in favor of the appellee upon his plea of personal privilege, setting up that he was, at the commencement of this suit, a resident of Brown county, and not of Fayette county, where the suit was instituted. The facts established by the evidence show substantially, that the appellee for several years before this suit was brought, was a resident of Fayette county, where he had been engaged in the practice of medicine. That about September 1, 1885, he went to Brown county with the intention of making it his home for the future, and formed a copartnership there for the practice of his profession; that he entered regu-

larly into the practice there, advertised the partnership and visited patients professionally; that upon leaving Fayette county he notified his patrons that he was moving to Brown county, settled up his accounts, sold his residence, and did everything necessary to prevent him from having to return to Fayette county. Whilst in Brown county he received a telegram announcing that his mother was sick at LaGrange, and he returned to that place solely for the purpose of visiting her. Whilst at LaGrange he was himself taken sick, and, on that account and the sickness of his family, he was detained there till the twenty-ninth of October, 1885, when he left with his family for Brownwood. His personal effects were all shipped from LaGrange for Brownwood by the twenty-second of October, 1885, and this suit was commenced on the twenty-third of that month. After the appellee sold his homestead his family continued to occupy it till the nineteenth or twentieth of October, 1885, when they were removed to his father-in-law's, where they remained till they left for Brownwood. It was generally known from the time the appellee sold out and himself left LaGrange that he had moved to Brown county.

Upon this state of facts, the court found that the appellee was not a resident of Fayette county when this suit was brought, and we think the finding correct. He had quit his business there and was regularly pursuing it in a different county. He had sold out his home in Fayette and removed all his personal effects therefrom to his new place of residence, and did everything necessary for a complete change of residence except to take his family away before this suit was commenced. He was prevented by sickness from removing them at an earlier day. Had his family left, the removal would have been complete under the strictest construction that could be given to the law governing such cases. When a man is in the act of removing from one county to another, but has left his family in the place of his former home, it may be sometimes uncertain to which county his residence belongs. In such case it has been said that he has two residences, in either of which he may be sued. (Brown v. Boulder, 18 Texas, 432.) In that case the defendant had gone to another county for the purpose only of preparing a home for his family, and had taken with him only a portion of his property. Here the appellee had actually moved himself to the county, and had taken there all of his movable property. There the defendant had not sold out his

home, lying in the county from which he intended to remove; here he had, and had given up possession of it before the suit was brought. The family were kept in their former home in that case by the voluntary act of the defendant, whilst here he was prevented from moving them by sickness. We think the cases different in other particulars which need not be dwelt on. In that case, a plaintiff proposing to sue might well have doubted whether the change of residence had been effected, as the family and a portion of the property were in one place and the head of the family and the remainder of the property in another, and nothing to show that the intention to remove had been carried out as far as possible. Here, however, where everything had been done towards a removal that could be done, and the remainder was prevented solely by the inability of the family to be removed on account of sickness, and it was notorious in the community that the appellee had removed to Brown county, there was no difficulty in ascertaining the place of his residence, and suit should not have been brought in Fayette county. The facts in this case are not much stronger than in those of Walker v. Walker, 22 Texas, 331. There the defendant, who had been a resident of Gonzales county, had gone to Lavaca, and had been there only two or three days when the suit was brought. He had taken with him only a portion of his effects, leaving his negroes in Gonzales county. These facts were contradicted by other witnesses, yet the court held them sufficient to base upon them a verdict that the removal was complete. We think the evidence here sufficient to warrant the court below to come to a like conclusion, and the judgment is affirmed.

*Affirmed.*

Opinion delivered January 13, 1888.