## GULF, COLORADO & SANTA FE RAILWAY COMPANY v. W. L. WARD.

### Decided December 10, 1910.

**1.—Venue—Suits Against Railroads.**

The venue statute of 1901 (Gen. Laws, 1901, p. 31) requires suits against railroad companies to be brought either in the county in which the injury occurred or in the county in which plaintiff resided "at the time of the injury."  A charge, therefore, which submitted a plea of privilege in such case upon the issue of plaintiff's residence at the time the "petition was filed with the clerk," was error.

**2.—Same—Charge—Affirmative Misstatement of Law.**

An affirmative misstatement of law in a charge will be presumed to have been prejudicial if there was a conflict in the evidence upon the issue so submitted.

**3.—Same—Residence—Evidence.**

Where, in a suit against a railroad company for damages, it appeared from the uncontroverted evidence that the plaintiff was an unmarried man; that he was born and raised in the county in which the suit was brought; that his mother lived there; that he always claimed that county as his home; that, although he had been away from the county most of the time for the preceding four years, he paid his poll tax and voted there; and always returned there and stayed with his mother when not at work in some other county, it was sufficient to establish said county as the county of plaintiff's residence, as that word is used in the venue statute, and the trial court might have so instructed the jury.

**4.—Carrier of Passengers—Failure to Stop at Station—Charge.**

In a suit against a railroad company for damages for carrying a passenger past his destination, the evidence being conflicting as to whether the station was announced and the train stopped long enough to enable plaintiff to alight, it was reversible error for the court to charge the jury as matter of law that a failure to deliver the passenger at his destination would be negligence on the part of the defendant; and this affirmative misstatement of law was not rendered harmless by a subsequent portion of the charge which correctly defined negligence and told the jury that if they found such negligence on the part of defendant, they should find for the plaintiff.

**5.—Inconsistent Charges.**

When charges are wholly inconsistent and it can not be determined whether the jury followed one or the other, the judgment should be reversed.

**6.—Continuance—Appearance.**

An agreement by defendant to continue a case from time to time constitutes an appearance and no citation is thereafter necessary.

Appeal from the County Court of Burleson County. Tried below before Hon. R. J. Alexander.

*Terry, Cavin & Mills* and *A. H. Culwell,* for appellant.

*Mathis, Buchanan & Stone,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee against appellant to recover damages alleged to have been caused him by the negligence of appellant's servants in failing to announce the arrival of a train upon which appellee was a passenger at the station of Duke, on appellant's road in Fort Bend County, and in failing to stop the train at said station and thereby conveying appellee beyond his destination and requiring him to alight from the train in the dark and to walk back through rain to said station, a distance of more than a mile, by reason of which it is alleged appellee was made sick and suffered physical and mental pain.

Appellant filed a plea of privilege to be sued in Fort Bend County, where the injury occurred and where it is alleged in said plea the appellee resided at the time of the injury. Subject to this plea, appellant answered by general denial and plea of limitation.

The trial in the court below by a jury resulted in a verdict and judgment in favor of appellee for the sum of $250. The plea of privilege was submitted to the jury with the case. In submitting this plea the court instructed the jury as follows:

"If, however, you should find from the evidence that at the time the

petition herein was filed with the clerk or was deposited with the clerk of the court for the purpose of being filed, the plaintiff herein was residing in Fort Bend County, Texas, with the intention of living there temporarily and then returning to Burleson County, then you should find the defendant's plea to the jurisdiction to be true, and go no further in the consideration of the case."

This instruction is manifestly erroneous. The venue statute under which the plea was made requires suits of this character to be brought "either in the county in which the injury occurred or in the county in which plaintiff resided at the *time of the injury."* This error in the charge can not, as claimed by appellee, be regarded as a mere clerical, immaterial error which could not have resulted in injury to appellant. It is an affirmative misstatement of the law, and would be presumed to have injured appellant if the evidence raised the issue of whether appellee resided in Fort Bend County at the time of the alleged injury. We are inclined to the opinion, however, that the evidence fails to raise this issue, and therefore the error in the charge was harmless.

It is true that appellee, who is unmarried, had been working in Fort Bend County for several months before his injury, and remained at work there for several months thereafter, and he has been away from Burleson County most of the time for the past four years, but the undisputed evidence further shows that he was born and reared in Burleson County; that his mother lives in said county, and appellee has always claimed that county as his home. He has always voted there, pays his poll tax there, and returns there and stays with his mother when he is not engaged in work in some other county. We do not think, in the face of this testimony, that the mere fact that appellee worked in Fort Bend County for several months before and after the alleged injury would authorize a finding that he resided in that county as that word is used in the statute above quoted.

The record shows that when appellee was testifying on the trial of the case he was asked about a written statement of his claim made by him in which he stated that he resided in Fort Bend County. He testified that he did not remember to have made such statement, and the written statement referred to was not introduced in evidence, nor was it otherwise shown that appellee had made such statement. There being no evidence tending to contradict his testimony that Burleson County was the county of his residence, and the facts before set out which tend to establish the truth of this claim having been shown by other witnesses than appellee, we think the trial court might have instructed the jury to find for appellee on the plea of privilege, and therefore the error in the charge above pointed out was harmless.

Upon the issue of whether the employes of appellant announced the arrival of the train at Duke and stopped it there a sufficient time to enable appellee to alight, the evidence was conflicting. Upon this state of the evidence the court charged the jury as follows: "You are instructed that the duty devolves upon a railroad company, acting through its duly constituted agents and employes, to safely carry a passenger, holding a ticket from the starting point, and deliver him to his point of destination; a failure to do so would be negligence on the part of said railway company."

It is not claimed by appellee that this charge is correct, but it is contended that other portions of the charge properly submit the issue of negligence on the part of appellants as alleged in the petition, and that the charge taken as a whole could not have misled the jury and properly submits the issue of negligence *vel non.* We can not agree with appellee in this contention. In succeeding paragraphs of the charge the words "negligence" and "ordinary care" were properly defined, and the jury were then told that if they found from a preponderance of the evidence that appellee was a passenger on appellant's train as alleged, and that the agents and employes of appellant negligently, "as the term is above defined," carried appellee past said station, etc., they should find for plaintiff. It can not be held that these instructions cured the error in the charge above quoted. By the express language of the charge complained of the jury were told it would be negligence, as a matter of law, for the appellant to carry appellee beyond the station of his destination, and this affirmative misstatement of law was not rendered harmless by the subsequent portions of the charge which correctly defined negligence and told the jury that if they found such negligence on the part of appellant's employes they should find for the plaintiff. The instructions are wholly inconsistent, and it can not be determined whether the jury followed the one or the other. In such case the judgment should be reversed. (Baker v. Ashe, 80 Texas, 356.)

None of the other assignments present any error requiring or authorizing a reversal of the judgment of the trial court.

Defendant's plea of limitation was not sustained by the evidence. The continuance of the case by agreement from time to time was an appearance by the defendant, and no citation was thereafter necessary. In addition to this, the failure to issue the citation when the petition was filed was not due to any negligence on the part of appellee or his attorneys, and said attorneys were not negligent in failing to discover the fact that no citation had been issued until shortly before the term of the court at which the case was tried. The attorney for appellant having been informed of the filing of the suit a short time thereafter, and having agreed to a continuance of the case, it can not be said that proper diligence required appellee's attorney to thereafter make any inquiry as to the issuance of a citation.

For the error in the charge above indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*