### KELLY v. EGAN.

(Court of Civil Appeals of Texas. Galveston. Dec. 15, 1911. Rehearing Denied Feb. 1, 1912.)

VENUE (§ 28*)—PRIVILEGE—DOMICILE.
Where a person with a residence in one county moved his family to another, where he owned land, and rented out the family house, he acquired such a domicile in the second county by six months' residence that he might be sued there, though he intended ultimately to return to his old home.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 42; Dec. Dig. § 28.*]

Appeal from Hidalgo County Court; James H. Edwards, Judge.

Action by W. M. Egan against John C. Kelly. From a judgment for plaintiff, defendant appeals. Affirmed.

Kibbe, Holland & Boone, for appellant. G. Grant White and Chapin & Brown, for appellee.

McMEANS, J. We have carefully considered all the assignments of error presented by appellant for a reversal of the judgment of the court below, and have concluded that none of them can be sustained. The allegations of plaintiff's petition, while very general, are sufficient as against a general demurrer, and the assignment based on the refusal of the court to sustain such demurrer must be overruled. We think that the evidence introduced by plaintiff, which is complained of by appellant in other assignments of error, was admissible under the general allegations of the petition, and that the court did not commit error in refusing to sustain appellant's objection thereto. We also think that the judgment rendered for appellee is sustained by the pleadings and proof, and appellant's assignment complaining that the judgment is against the law and the evidence must be overruled.

Nor do we think the court committed error in overruling the plea of privilege of appellant to be sued in a county other than Hidalgo. Appellant in the court below pleaded that he resided in Waco, McLennan county, Tex., and had been so residing for 6 or 7 years before the institution of this suit, and that he did not reside in Hidalgo county, and pleaded his privilege to be sued in McLennan county. The evidence upon this issue showed that for practically 12 months before the institution of this suit appellant and his family had been living in Hidalgo county, and that they were boarding; that he owned a dwelling house in the city of Waco, but had rented it out, with its furniture, and that he had not acquired a dwelling house in Hidalgo county, nor has he ever paid a poll tax or voted in that county; that he had interests at a number of places, but that most of the land owned by him was situated in Hidalgo county, and that he was in that county furthering the sale of his lands; that he did not intend to abandon Waco as a place of residence, and that it was his intention to return to Waco as soon as he could get his business wound up in Hidalgo county. On the other hand, it was shown by the witness McCullom that appellant had been in Hidalgo county for over 6 months, and had told the witness that there was a place where the town of Pharr now is that he expected to make his home, and that during the time witness worked for appellant in Hidalgo county appellant and his family lived at a hotel at San Juan. We are of the opinion that, under the facts of this case, the rule laid down in Pearson v. West, 97 Tex. 238, 77 S. W. 944, Faires v. Young, 69 Tex. 482, 6 S. W. 800, and Railroad v. Rogers, 37 Tex. Civ. App. 99, 82 S. W. 824, to the effect that a person may have two residences in a sense sufficient to confer jurisdiction over the person, when sued either in the county in which the suit was brought or in the county in which he claims it is his privilege to be sued, applies.

We find no error in the record, and the judgment is affirmed.

Affirmed.