## CROSS v. JOHNS.    (No. 1921.)

(Court of Civil Appeals of Texas. Amarillo. March 1, 1922.)

Venue ⟜18—Suit held maintainable in county from which defendant was preparing to move.

Where defendant had sold his farm, on which he had resided for many years, and had contracted to purchase land in another county, possession of which was not yet delivered, and had returned to the former county to get his goods and the other members of his family, who were still there, when citation was served upon him in a suit in the former county, defendant is not entitled to the privilege of being sued in the county of his new residence.

Appeal from District Court, Kent County; W. R. Chapman, Judge.

Action by H. W. Johns against T. B. Cross. From an order overruling a plea of privilege, defendant appeals. Affirmed.

W. D. Wilson, of Spur, for appellant.
·Stinson, Coombes & Brooks, of Abilene, for appellee.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HUFF, C. J. This is an appeal from an order overruling a plea of privilege filed by the appellant, Cross, to be sued in the county of his residence.

The appellee, Johns, sued Cross for commissions as a real estate broker upon an alleged contract of employment to procure a purchaser and for services rendered in procuring a sale in Kent county, Tex., alleging that Cross resided in that county. The petition was filed June 7, 1920, in the district court of Kent county, Tex. At the September term, 1920, of that court, the service on appellant was quashed, and the cause continued until the next term to perfect service. At the March term thereof in due order appellant filed his plea of privilege to be sued in the county of his residence, which was alleged in Glasscock county, Tex. The plea is in due form and complies with the requirements of the statute. The appellee in due time filed his controverting plea, setting up the following grounds substantially: (1) That the first regular term of the court had passed after the filing of suit and service of process on appellant before the plea of privilege was filed; (2) that appellant had waived and lost his right to plead his privilege by filing his motion to quash the service at the September term, 1920; (3) that appellant at the time of the filing of the suit and service on him was a resident of Kent county and had not removed therefrom; (4) denying that the allegation in the petition was fraudulently made as to the residence of appellant in Kent county, but that such allegations as made were true; (5) that the contract between the parties was made in Kent county, and the commission and services sued for were for services and labor performed in Kent county; (7) a general denial of the allegations in the plea of privilege; (8) an exception to the plea on the ground that it did not comply with the statute. The contest on the plea and controverting affidavit was tried before the judge of the court without a jury. The first, second, and third propositions urged are that there was error in the trial court in admitting in evidence the citation and return thereon, the motion to quash the service at the former term, and testimony on the contract of agency, the sale of the land to the purchaser as having been entered into and the services performed in Kent county. The objection is urged on the ground that the several pieces of testimony were incompetent to prove the residence of appellant to be in Kent county; that it was incompetent to prove venue. The trial court qualified or added an explanation to the bills of exception; that is, that the testimony was not received and was not considered as establishing, or as evidence of, appellant's residence; that the testimony was received on the issues presented by the controverting plea; that is, that appellant at a previous term of the court had presented a motion to quash the service and as to the performance of the contract in Kent county. The trial court announced at the time the objections were made that he would hear and receive the evidence not to establish the residence, but he informed counsel he would hear the testimony and then hear the argument as to the law, and would then determine whether the testimony would be considered. After hearing all the testimony and argument on the law, the court held that the fact that the citation was quashed upon motion at a former term, and the fact that the services were performed in Kent county, would not give the district court of Kent county venue. The court also stated that he held the ground giving venue in Kent county was that Cross, at the time of filing the petition and at the time of service of citation upon him, was a resident of Kent county, Tex. The qualifications and explanation by the trial court indorsed on the bills of exception dispose of any supposed error in admitting the testimony of which complaint is made. The proposition based on the admission of the above evidence will therefore be overruled.

The only question for consideration is whether there is reversible error in the finding that the residence of appellant was in Kent county at the time of filing the petition and of service upon him, and whether the evidence is sufficient to support the trial court's finding thereon. The evidence in this case authorized the finding by the trial court that appellant resided on his ranch in Kent county, Tex., prior to and on March 1, 1920, when he entered into negotiations with appellee to sell the ranch. On March 4, 1920, appellant sold his ranch on which his home was situated to W. M. Green; that is, he entered into a contract with Green for the sale, by which the parties had 30 days to complete the trade, and within a few days after that time the trade was completed. The appellant had no other home in Kent county. On the 7th day of June, when the suit was filed, he had contracted for a place in Glasscock county. This contract had been entered into on the 28th day of May, 1920. He made the first payment on the land June 2d or 5th, but obtained a deed thereto two or three months thereafter. It seems the deed had been sent to the county seat for record, and the evidence indicates the deed was dated about June 5th, but no papers were delivered at that time. There was a mortgage on the land which was held at Dallas by "the C. C. Slaughter outfit," and had to go there for release. The appellant did not give possession to Green until after the 1st of May, and after that time he testifies he started out looking for another place. He went, he says, through Texas and part of New Mexico and Arizona, and wound up in Glasscock

238 SOUTHWESTERN REPORTER (Tex.

county, Tex. He says he had gone to Stauton, Martin county, where he had two daughters in school, to bring them back, but he left them there and did not take them to Glasscock county before the 7th of June. His wife never left Kent county from the 1st of May, when he consummated the trade, until after the suit was filed and service had on him. She, in the meantime, was visiting their children in Kent county and Garza county. Appellant testifies, after he contracted to purchase the place in Glasscock county May 28, that he had arranged to occupy that place as soon as he could get to it, and everything was vacant and waiting for him before June 7th; that his purpose in returning to Kent county was to get his family and things. When served, he had one wagon load and another coming over the day of the service with the household goods. The evidence indicates that at this time part of his effects were left on the place sold, and the wagon had gone after them, or perhaps he means to testify part of the goods were on Cornelius' place (one of his sons). It is not clear which he means, whether his old home place or that of his son. The loaded wagon was at his son Tom's place. He started with his effects for Glasscock county on the 10th, after he was served on the 7th of June. He says after he sold out he had no home in Kent county, but that he had gone to Mexico and Arizona and everywhere traveling around, and that he came back on the 6th day of June, but, before doing so, he visited some of his children in Garza before going to his son in Kent, where he was served. The evidence in this case is conclusive that none of his effects nor any member of his family had been moved onto the place contracted for in Glasscock county, when the suit was filed or service therein had on him.

The appellant cites Faires v. Young, 69 Tex. 482, 6 S. W. 800, as authority establishing his residence in Glasscock county. In that case the facts are distinguishable from this case. The defendant therein was a physician and had formed a partnership in county of the removal and had entered into the practice of his profession in that county, and there he was regularly pursuing his business, and had moved all his personal effects to the new place of residence and had done everything necessary for a complete change of residence except to take his family away. This he was prevented from doing on account of the sickness of himself. It was also established in that case that it was generally known that the defendant therein had moved to Brown county, his new residence. The court there said:

"When a man is in the act of removing from one county to another, but has left his family in the place of his former home, it may be sometimes uncertain to which county his res-

idence belongs. In such case it has been said that he has two residences, in either of which he may be sued. Brown v. Boulden, 18 Tex. 432. In that case the defendant had gone to another county for the purpose only of preparing a home for his family, and had taken with him only a portion of his property; here the appellee had actually moved himself to the county, and had taken * * * all his movable property."

In the case of Brown v. Boulden, 18 Tex. 431, supra, it was said:

"If a defendant has a known residence, he must be sued in the county of his residence; but if he is in the act of removing from one county to another, and his affairs are in such a state that it cannot be certainly known in which county his residence in fact is, we think it may be held, consistently with the legislative intention, that the suit may be brought in either county. At all events, where, as in this case, he has had his residence in one county for a considerable time and period to the bringing of the suit, that, for the purposes of the suit, ought to be held to be the place of his residence, until he has effected an actual and complete change of residence from that to another county, not only by going to prepare a home for his family in the latter county, but by actually removing his family and principal effects from his former to his new home. The charge of the court made the facts of the defendant's having gone to Gonzales county to prepare and being engaged there in preparing a home for his family effect a change of his residence or domicile to that county. This, we think, was error. To effect such change of residence as to constitute the latter county his domicile, within the spirit and intention of the statute, he must have actually removed and acquired a home, and residence in that county in fact as well as in intention. The defendant manifestly had not effected an actual and complete change of residence at the time of instituting the suit."

In this case the appellant had not received a delivery of the necessary papers to complete the sale of his purchase in the new county. He had not moved any member of his family or any portion of his personal effects and actual possession of the property had not been taken by appellant in person, and he testified only it was vacant, ready for his possession. It is not shown that it was generally known that he had established his home in the new county. The facts show only that he was in the act of preparing to remove his effects and his family. We believe the rule announced in the latter case applicable to the facts of this case. Wilson v. Bridgeman, 24 Tex. 615; O'Connor v. Cook (Tex. Civ. App.) 26 S. W. 1113; Railway Co. v. Thompson, 106 Tex. 456, 167 S. W. 801; Railway Co. v. Rogers, 37 Tex. Civ. App. 99, 82 S. W. 824; Littlefield v. Clayton (Tex. Civ. App.) 194 S. W. 194, 196, 197.

The facts, we think, will support the judgment of the trial court, and it will therefore be affirmed.