## HILL et al. v. PURE OIL CO.

### No. 3998.

Court of Civil Appeals of Texas. Texarkana.
April 16, 1931.

Rehearing Denied April 30, 1931.

Phillips, Trammell, Chizum, Price & Estes, of Fort Worth, for appellants.

Vinson, Elkins, Sweeton & Weems, of Houston, and Wynne & Wynne, of Wills Point, for appellee.

LEVY, J.

The action was by the Pure Oil Company, a corporation, for injunction, temporary and permanent, restraining George Hill, stated in the words of the prayer of the petition, "from

interfering with the plaintiff's possession of the said property, from going upon the same for the purpose of drilling an oil well thereon, from erecting a derrick or any other building on the same, from drilling any character of well thereon, and from doing any and all acts of drilling or development of said property for oil, gas or other minerals." The property right sought to be protected, and the subject-matter of the prohibitory writ, was a leasehold estate in a certain tract of land, described by field notes, "containing one acre, more or less." As the petition alleged, E. V. Tunnell and his wife executed a lease upon the land to E. G. Lewis, and E. G. Lewis transferred and assigned the lease to the Pure Oil Company. The lease granted the right to prospect and bore wells for gas and oil on the land, with the right to seven-eighths of all the oil and gas discovered. George Hill was, as alleged, asserting "some character of claim" to the oil and gas underlying a certain portion of the land (describing it) embraced within the description of the plaintiff's lease, such claim being under "an oil and gas lease executed by R. E. Collett and wife to him."

George Hill answered by general denial, plea of not guilty, specially denying the plaintiff's right of leasehold interest in the portion of the land in suit, and, further, by averments of title to him through and under conveyances to N. S. Maxfield and N. S. Maxfield to R. E. Collett, and by limitation under the ten-year statute of limitation, sought to have "a judgment establishing and confirming his title to the minerals in the lot in question."

R. E. Collett filed a plea of intervention, adopting "the answer of the defendant, George Hill," praying "that the deed of N. S. Maxfield to this intervenor be in all things fully established, and that the title of this intervenor to the lot in question be established and confirmed."

The plaintiff replied to the cross-action setting up, in substance, that both it and M. R. Bolin, its predecessor in title, was an innocent purchaser for value and asked that the cloud cast upon its title be removed.

It appears that upon filing the original petition of the plaintiff on April 14, 1930, the trial judge indorsed thereon an order granting and directing the issuance of a temporary injunction against the defendant, George Hill. Thereafter, on May 21, 1930, the temporary injunction was, on application therefor and upon hearing, dissolved by the trial judge. An appeal to the Court of Civil Appeals was timely taken from the order dissolving the preliminary writ, and the bond on appeal was filed on May 27, 1930. There does not appear in the record any order of the trial judge suspending the order of dissolution pending the appeal, and the record does not reflect whether or not such appeal has been in any wise disposed of.

At the June term, 1930, of the court, the case was regularly called for trial and was finally tried before the court without a jury. The judgment entered was that: (1) The defendant George Hill, and the intervener, R. E. Collett, take nothing by their cross-action; and (2) a permanent injunction be granted perpetually restraining George Hill and R. E. Collett in the terms of the prayer of the plaintiff's petition. The judgment further decreed, upon the pleading of the plaintiff, "that the purported mineral lease covering the above described land executed by R. E. Collett and wife to the defendant, George Hill on January 14, 1930, be and the same is hereby cancelled and that the cloud cast upon the plaintiff's title to the mineral estate in and to said land by reason of said purported lease from R. E. Collett and wife, Dellar Collett, to George Hill, be and the same is hereby removed, and that plaintiff's title to its mineral lease covering said land be and the same is hereby quieted."

The trial court upon request therefor made findings of fact. That the controversy may be made clearer, the statement is here made that the case involves the title to a portion of land whose north and south boundaries are forty feet in length and whose west and east boundaries are sixty feet in length. Within this described part of land there is a rectangle about ten by fifteen feet in the southeast corner. The plaintiff contended that E. V. Tunnell owned and conveyed to it all of this portion of the land except the rectangle in the southeast corner, and that it was owned and conveyed to it by E. B. Tunnell.

Upon the phase of the action, of injunction, as presented by the original petition of plaintiff, the court concluded, viz.: "That the plaintiff is entitled to judgment as against the defendant and the intervenor for perpetual injunction as prayed for."

Upon the phase of the action, of title to the land, as presented affirmatively by the cross-actions of the defendants and intervener, and the answer of the plaintiff thereto, the court made findings as hereinbelow set out:

1. The parties agreed upon G. W. Swindall as common source of title to the land involved in the suit.

2. All of the 40x60-foot tract, except the 10x15 feet in the southeast corner, passed by deed as follows:

G. W. Swindall and wife to C. W. White, dated January 1, 1903, filed for record November 20, 1915.

C. W. White and wife to N. S. Maxfield, dated December 2, 1903, filed for record November 20, 1915.

N. S. Maxfield and wife to M. R. Bolin, dated November 21, 1911, filed for record January 24, 1930.

3. The Pure Oil Company deraigns title and claims under deed from N. S. Maxfield to M.

R. Bolin, and under a deed from M. R. Bolin and wife to E. V. Tunnell, dated January 5, 1912, and filed for record December 15, 1928; E. V. Tunnell and wife to E. G. Lewis dated June 28, 1927, and another lease of October 30, 1929, first filed for record July 14, 1927, and the second filed for record on November 22, 1929 (these oil and gas leases); E. G. Lewis to the Pure Oil Company, dated July 12, 1927, and another lease dated November 30, 1929, the first filed for record September 27, 1927, and the second filed for record February 28, 1930 (these are assignments of the leases).

4. The title to the 10x15 foot rectangle· in the southeast corner was claimed by the Pure Oil Company under a deed from E. V. Tunnell and wife to E. B. Tunnell of date December 20, 1918, filed for record October 4, 1929 (this deed conveys an undivided one-half interest in lands including lands not involved in the suit);

E. V. Tunnell and wife to E. B. Tunnell, dated November 11, 1929, filed for record November 11, 1929 (conveys undivided one-half interest), describing the land in suit and other lands;

E. B. Tunnell and wife to W. E. McKinney, dated October 4, 1929, filed for record October 4, 1929 (oil and gas lease);

W. E. McKinney to L. B. Pruitt, dated October 28, 1929, filed for record December 17, 1929 (assignment of said lease);

L. B. Pruitt and W. E. McKinney to Pure Oil Company, dated and filed for record December 12, 1929 (assignment of said lease).

5. The court further finds, ·viz.:

"The defendant and intervenors, in deraigning title to the land involved herein, introduced in evidence a deed from N. S. Maxfield and wife to A. G. Maxfield of date December 7, 1906, which deed conveyed certain lands in the Mund Gross Survey and excepted, among others, a lot 40x60 feet theretofore sold by N. S. Maxfield to R. E. Collett. This deed was not recorded until November 20, 1915, and did not constitute an essential link in plaintiff's chain of title.

"The defendant and intervenors also introduced a deed from A. G. Maxfield to N. S. Maxfield of date January 14, 1909, in which deed the same reference was made to the R. E. Collett lot. This deed was not recorded until November 20, 1915, and did not constitute an essential link in plaintiff's chain of title.

"The defendant and intervenors also introduced a deed from N. S. Maxfield and wife to E. V. Tunnell, which deed contains the same recitations and reference to the R. E. Collett lot and is of date January 11, 1910. This deed was not recorded until November 20, 1915. I find that this deed was not an essential link in plaintiff's chain of title.

"The defendant and intervenors further introduced a deed from E. V. Tunnell and wife to E. B. Tunnell, of date November 18, 1911, which deed contains similar references and recitations with respect to the R. E. Collett lot. Said deed was not recorded until November 20, 1915, and did not constitute an essential link in plaintiff's chain of title.

"The defendant and intervenors further introduced a deed from E. B. Tunnell and wife to J. W. Neal of date June 16, 1913, and recorded November 20, 1915, which deed contains similar recitations and references with respect to the R. E. Collett lot. I find that this deed did not constitute an essential link in plaintiff's chain of title and was executed subsequent to the time M. R. Bolin, plaintiff's predecessor in title, acquired his deed to the lot in controversy."

6. "I find that the defendant and intervenors claim the lot in controversy under a deed executed and delivered from N. S. Maxfield, the common grantor of all parties, to said intervenor, R. E. Collett, which deed was executed in the early part of the year 1906 conveying the property in controversy to R. E. Collett but that said deed was never filed for record and was not introduced in evidence upon the trial hereof, all evidence adduced with reference to it not being introduced in evidence being that it was lost or destroyed and never placed of record."

7. The court ·further finds the following facts:

"I further find that at the time said Bolin purchased from said Maxfield the lot in controversy, to-wit: On November 21, 1911, said Bolin had no knowledge or notice, actual or constructive, of a prior conveyance from his grantor Maxfield, to Collett; that said Bolin in good faith paid said Maxfield a sufficient and valuable consideration for said property described in and conveyed by said deed, which included the land in controversy, and that said deed then represented and now represents a bona fide transaction between the parties thereto according to its terms, tenor and face, and that all facts then necessary to establish and constitute said Bolin a bona fide purchaser of said property for value concurred and existed at the time of the purchase by the said Bolin of the land in controversy.

"I further find that neither Collett nor any ·one for him at the time the said Bolin purchased the land in controversy from the said Maxfield, had such possession of or so occupied said land in controversy or any part thereof, or exercised such control thereof or did such things with respect to it as to put the said Bolin, or any ordinarily prudent person, on notice or inquiry as to any right or title of R. E. Collett, or any one claiming under him, in and to said land, and that Collett's possession thereof, if any he had, was not

**858**

open, actual, visible, notorious and exclusive, and that such possession and use, if any he had 'and made of said lot, was of a kind and character insufficient to operate as notice of adverse ownership.

"I further find that at the time of said Bolin's purchase of said lot in controversy on November 21, 1911, he had no notice, actual or constructive, of any deed or other instruments executed by the said Maxfield, or any other person whomsoever to any person whomsoever in any way mentioning or referring to the said R. E. Collett lot or land, being the land in controversy, or otherwise putting him on notice of or inquiry as to any right or title of the said Collett; that said Bolin at said time from no other source and on no other account had knowledge of or was in possession of any facts or circumstances giving him notice of or putting him on inquiry as to any right or title that Collett had in and to said premises.

. The appellant excepts to the other findings not herein stated, and the objection is sustained.

The point presented first to be considered is that of whether or not the appeal from the order dissolving the temporary injunction divested the trial court of jurisdiction to finally try the case on its merits at the regular term of court. It is believed the appeal did not impair the trial court's jurisdiction for final trial of the action. The permanent injunction did not in any wise depend upon either the granting or refusing of the preliminary or interlocutory order for temporary injunction. In effect, the ruling applies as made in Staples v. State (Tex. Civ. App.) 244 S. W. 1064. There is distinguishment between this point and that in Whaley Farm Corp. v. Bieloh (Tex. Civ. App.) 9 S.W.(2d) 273.

Appellant makes the point that the findings of the trial court do not include a finding as to the plea of limitation, and therefore grounds for the reversal of the judgment exist. The appellant pleaded and offered evidence of title by the ten-year statute of limitation. The court upon request of appellants made and filed conclusion of facts. There was no distinct conclusion of fact upon limitation. After the filing of the conclusions of the trial court, there was no request for additional or supplemental findings, or request to have findings upon the issue of limitation. Gladys City Oil, Gas & Mfg. Co. v. Oil Co. (Tex. Civ. App.) 137 S. W. 171; Schauer v. Schauer (Tex. Civ. App.) 202 S. W. 1010. And the parties have on appeal a full statement of all the evidence proven on the trial. Looking to the evidence, it may not be said that the possession of R. E. Collett or any one for him was such possession as would establish limitation title.

The whole case on the merits depends upon whether or not M. R. Bolin was an innocent purchaser without notice. It is believed by this court that there is evidence sufficient to support the trial court's findings that neither R. E. Collett nor any one for him had such possession at the time M. R. Bolin purchased the land or so occupied or exercised control thereof as to put M. R. Bolin or any ordinarily prudent person on notice of any right or title of R. E. Collett. There is evidence that R. E. Collett in November, 1911, at the date of the deed of M. R. Bolin, was in possession and was openly using the property in connection with his blacksmith shop. There is also evidence that the lot was used exclusively in the nature of a vacant lot by the general public as a hitching ground for horses and to leave their wagons.

The remaining assignments present questions of fact. After full consideration thereof, we conclude the evidence supports the trial court's findings and that such findings support the judgment. It is unnecessary to set them our here specifically. Cooper v. Newsom (Tex. Civ. App.) 224 S. W. 568.

The judgment is affirmed.