**FIDELITY & DEPOSIT CO. OF MARYLAND v. FIRST NAT. BANK OF TEAGUE.**

No. 1936.

Court of Civil Appeals of Texas. Waco.

Jan. 20, 1938.

Rehearing Denied Feb. 24, 1938.

A. B. Hall, of Dallas, for appellant.

Geppert, Geppert & Victery, of Teague, for appellee.

GALLAGHER, Chief Justice.

This is the second appeal in this case. The opinion on the first appeal is reported in Tex.Civ.App., 88 S.W.2d 605. Reference is made thereto for a more extensive statement.

Appellee, First National Bank, sued J. H. Eubank as principal and appellant, Fidelity & Deposit Company of Maryland, as surety on his official bond as sheriff of

Freestone county, for damages resulting from alleged negligence in releasing property of the value of $2,250 from a writ of attachment in favor of appellee and against F. H. Berry on an insufficient replevy bond. Appellant denied that the sureties on said replevy bond were insufficient or insolvent, and also alleged that the attached property, at the time of the levy of appellee's writ of attachment thereon, was subject to the prior lien of a valid chattel mortgage for more than its value, and that such mortgage had been so filed as to charge appellee with notice of the lien created thereby. Appellee denied either actual or constructive notice of said mortgage or such lien.

The case was tried before the court and judgment rendered in favor of appellee in the sum of $2,250. The court incorporated in the judgment entered specific findings in favor of appellee on practically every issue of fact involved in the case.

█ Appellant contends that the findings of the court on the issues of fact necessary to support the judgment are without sufficient support in the evidence. We have examined the evidence, but do not deem it necessary to recite the same in detail. Hill v. Pure Oil Co., Tex.Civ. App., 38 S.W.2d 855, 858, par. 3; Cooper v. Newson, Tex.Civ.App., 224 S.W. 568, 569, par. 1; Bute v. Stude, Tex.Civ.App., 264 S.W. 1037, par. 1; Farmers' Rice Milling Co. v. Standard Rice Co., Tex.Civ. App., 264 S.W. 276, par. 3, reversed on other grounds, Tex.Com.App., 276 S.W. 904. We are required, in passing upon the sufficiency of the evidence to support such findings, to view the same in the light most favorable thereto, disregarding all evidence to the contrary. Williams & Chastain v. Laird, Tex.Civ.App., 32 S.W.2d 502, 505, par. 1 (writ refused), and authorities there cited; Wininger v. Fort Worth & D. C. Ry. Co., 105 Tex. 56, par. 1, 143 S. W. 1150; Underwood v. Security Life & Annuity Co., 108 Tex. 381, par. 3, 194 S.W. 585. The accuracy of the testimony of interested witnesses and the weight to be given thereto are questions for the trial court, who saw such witnesses and heard them testify. Smalley v. Octagon Oil Co., Tex.Civ.App., 82 S.W.2d 1049, 1052, pars. 5 and 6, and authorities there cited. The findings of the trial court on fact issues, when supported by evidence, are as binding on appeal as the findings of a jury would be. Sanborn v. Gunter & Munson, 84 Tex. 273, par. 2, 17 S.W. 117,

20 S.W. 72; Hewitt v. Green, Tex.Civ. App., 28 S.W.2d 892, 893, pars. 5 and 6, and authorities there cited. The findings assailed have such support and appellant's contentions are overruled.

█ Appellant contends that the property attached by appellee in this suit was subject to a prior chattel mortgage for an amount exceeding the value thereof; that appellee had constructive notice of such mortgage; that its attachment lien thereon was therefore without value; and that it was not injured by the acceptance of said replevy bond and the release of its attachment. Said Berry was divorced from Maude E. Berry by a decree of the district court of Harris county rendered on March 31, 1928. By the terms of such decree, title to all personal property except a car was divested out of Mrs. Berry and vested in said F. H. Berry. There was a recitation in said decree that he had given said former wife a note for $10,000 in full of all her interest in the property so awarded to him. Berry, on November 9, 1929, gave said Mrs. Berry a chattel mortgage to secure said note on certain personal property, and it was admitted in open court that such mortgage "was deposited and filed with the clerk of the county court of Harris county and registered, recorded and indexed by him on November 12, 1929." The property attached by appellee and replevied by Berry was a part of that described in said chattel mortgage. Said attached property was, at the time of such deposit, filing, etc., and had been for a considerable time prior thereto, situated in Freestone county. The effect, therefore, of the filing of said mortgage in Harris county as constructive notice to appellee depended upon whether Berry was a resident of said county at the time. R.S. art. 5490. This issue was controverted. Appellant offered in evidence from the deposition of said Berry the following question and answer: "Q. State whether or not you were a resident of Houston, Harris county, Texas, on November 9, 1929. A. Yes." Appellee objected thereto on the ground that said answer was a conclusion of the witness and that residence was a question of law, or based on law. The objection was sustained and said answer excluded. Shortly after the divorce, Berry married again in Travis county. He brought his new wife to Freestone county and lived with her there continuously until after the depositing and filing of such mortgage. There was no testimony that he

was in Houston during said time, nor that he then had any intention of returning thereto. The residence of a married man is ordinarily where his wife resides. R.S. art. 2958. While said article is primarily an election statute, the rules for determining residence prescribed therein have been applied in other civil cases. Devereaux v. Rowe, Tex.Civ.App., 293 S.W. 207, par. 3; Hennessey v. Campbell, Tex.Civ.App., 32 S.W.2d 390, par. 3; Kelly v. Egan, Tex.Civ.App., 143 S.W. 1183. We think, under the facts of this particular case as disclosed by the record, the residence of Berry at the time referred to in said question and answer was a mixed question of law and fact, and that the court did not err in excluding said answer. Linger v. Balfour, Tex.Civ.App., 149 S.W. 795, par. 5; Hill v. Mays, Tex.Civ.App., 278 S.W. 919, pars. 2 and 3; Stratton v. Hall, Tex. Civ.App., 90 S.W.2d 865, par. 4; McBeth v. Streib, Tex.Civ.App., 96 S.W.2d 992, par. 11. See generally, 22 C.J. p. 634 et seq., § 731.

The judgment of the trial court is affirmed.