OPINION. Arnold, Judge: The principal issue is whether certain compensation and dividends received by petitioner while in Texas constituted community income. Petitioner’s right to report this income as income of the marital community depends in the first instance upon whether he abandoned his Florida domicile and established a new domicile in Texas. As proof that he effected a change in his domicile, petitioner offered his own testimony and certain letters which he contends show his intention to change his domicile. Respondent contends that petitioner’s domicile remained in Florida during the taxable year and that petitioner is not entitled to return the income in question as community income under the laws of Texas. “Residence in fact, coupled with the purpose to make the place of residence one’s home, are the essential elements of domicile.” Texas v. Florida, 306 U. S. 398, 424. A change of domicile requires an abandonment of the old and an acquisition of a new domicile, coupled with the intention of making the last acquired residence a permanent home. Lee Rosenberg, 10 B. T. A. 601; affd., 37 Fed. (2d) 808, and authorities cited. The courts regard abandonment or change of domicile as a very serious matter and an intention to make a change requires proof by very satisfactory evidence. Samuel W. Weis, 30 B. T. A. 478, 487, and cases there cited. Residence alone is neither conclusive nor sufficient evidence of a change in domicile, Mitchell v. United States, 21 Wall. 350;[1] Weis case, supra. Both parties agree and we have found as a fact that petitioner’s established residence and domicile in 1940 was in Florida. Petitioner has shown that he left Florida with the possibility in mind that he might give up his Florida home at some time in the future. He has shown that he resided in Texas for about nine months while constructing the shipyard at Houston. His letters to friends and relatives show that he was considering the possibility of settling his family permanently in Texas. But the letters, his own testimony, and his conduct show that he never established a home in Texas. His family never actually resided with him in a home in Texas. They visited him after school was out in the summer of 1941 for two weeks or so, and then rented a house in Santa Fe, New Mexico. They visited him again on the way back to their Florida home, prior to the girls’ reentry into school in the fall term of 1941. His family did not again return to Texas. By the middle of November 1941 his duties with the Harris organizations required him to be in New York. It was to New York that he moved his family at the end of the school year in May 1942. The most that can be said for petitioner’s residence in Texas is that it was transitory. Whatever consideration he had given to making Texas his permanent home was put aside and forgotten before any positive steps were taken to abandon his Florida home and establish a new home in Texas. His home in Texas was primarily a hotel room. He lived practically out of a suitcase. By his own admissions conditions were too unsettled and uncertain in Houston to break up his Florida home and settle his family in Texas. We agree with respondent that petitioner’s domicile in 1941 was in Florida. Furthermore, it is doubtful whether petitioner could qualify as a resident under the laws of Texas. Article 2958 of the Texas Revised Civil Statutes, which relates to residence, provides in part as follows: The “residence” of a single man is where he usually sleeps at night; that of a married man is where his wife resides, or if he be permanently separated from his wife, his residence is where he sleeps at night; * * * In Fidelity Deposit Co. of Maryland v. First National Bank of Teague, 113 S. W. (2d) 622, the Texas court, speaking with reference to article 2958, and particularly with reference to that portion thereof which provides that the residence of a married man is where his wife resides, stated: “While said article is primarily an election statute, the rules for determining residence prescribed therein have been applied in other civil cases.” The remaining issue is whether $769.80 expended by petitioner was for ordinary and necessary expenses of a trade or business deductible under section 23 (a) (1) (A) of the Internal Revenue Code. We can not agree with petitioner that he was engaged in carrying on a cattle business during the taxable year. His testimony shows that the expenses claimed as deductible were traveling expenses. The trips were preparatory to entering the cattle business. Petitioner was collecting data, investigating lands and methods used in the cattle business and grasses for pasture land, seeking a foundation herd, and acquiring bulls for his foundation herd, which he acquired subsequent to the taxable year. Petitioner’s testimony is general in character. He produced no books of account of the cattle business, no receipts, no canceled checks or stubs, and no breakdown showing railroad and airplane fares, car hire, hotel bills, or other items making up the $769.80 total. Except for the April trip, petitioner made no effort to identify any trip with a business purpose. We can not assume that his trip to Santa Fe in July was for the purpose of inspecting Hereford cattle. If that was the purpose of the trip, he should have so testified. Every opportunity was afforded him on cross-examination to give in detail the business purposes of the several trips. It may well be that some of the expenditures were capital in nature, but the evidence here will not justify this classification. It is sufficient for our purposes to hold, as we do, that the expenditures were not ordinary and necessary expenses of a trade or business carried on by the taxpayer. Decision will be entered for the respondent. ‘‘The court’s opinion in this case sets forth the following principles regarding domicile (p. 353) : “A domicile once acquired is presumed to continue until it is shown to have been changed. Where a change of domicile is alleged the burden of proving it rests upon the person making the allegation. To constitute the new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there. The change cannot be made except facto et animo. Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change. There must be the animus to change the prior domicile for another. Until the new one is acquired, the old one remains. These principles are axiomatic in the law upon the subject.’’