## TEXAS & N. O. R. CO. v. TANKERSLEY.

### No. 12367.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 9, 1952.

Harper Macfarlane, and Brewer, Matthews, Nowlin & Macfarlane, all of San Antonio, Baker, Botts, Andrews & Parish, Houston, for appellant.

Jack Ridgeway, Michael J. Kaine, San Antonio, for appellee.

POPE, Justice.

This is an appeal from an order denying appellant's motion to change the venue from Bexar County to Gonzales County, and it concerns the construction and interpretation of §§ 24 and 25 of Article 1995, Vernon's Ann.Civ.Stats.

Appellee, Ora Tankersley, alleged that she sustained personal injuries while riding

as a passenger of the appellant, Texas and New Orleans Railroad Company. She was actually injured while in Gonzales County, through which the carrier operated its railroad, but this suit was commenced in Bexar County, where it also operated its railroad and had an agent. Appellee relies upon § 24 of Article 1995 to fix venue in Bexar County. She contends that she comes under that section, since it provides "Suits arising from *damage* or *loss to any passenger,* freight, baggage or other property, by reason of its transportation, * * * by one or more common carriers * * *, *may* be brought against one or more of those so doing business, *in any county where either does business or has an agent or representative.*"

Appellant railroad contends that § 24 is a permissive venue section, but that § 25 is mandatory and that appellee must file her suit in Gonzales County, which was her true residence and the place she suffered the claimed injury. The railroad contends that § 25 controls, since it provides, "Suits against *railroad* corporations, * * * for *damages arising from personal injuries,* resulting in death or otherwise, *shall* be brought either *in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury.*"

The trial court ruled that § 24 was applicable rather than § 25. We do not agree with this.

Some authorities properly hold that a passenger in a suit for personal injuries against a carrier may fix venue under the provisions of § 24. Missouri, K. & T. Ry. Co. of Texas v. Blanks, 103 Tex. 191, 125 S.W. 312; Union Bus Lines v. Young, Tex. Civ.App., 194 S.W.2d 779; Union Bus Lines v. Byrd, Tex.Civ.App., 178 S.W.2d 544. We think those authorities are correct, since the provisions of § 24 reach the facts of those cases, but in none of them is there a question presented of whether the provisions of § 25 equally include those facts. Two of the cases cited above involve motor busses and, of course, § 25, relating to railroads, would be inapplicable.

Under the phraseology of § 24, relating to carriers, appellee's suit is one for damages to a passenger. Under the phraseology of § 25, relating to railway personal injuries, her suit is against a railroad corporation for damages arising from personal injuries. We think, therefore, that the appellee comes within the express provisions of either § 24 or § 25. Which of the two sections is more specific as applied to appellee's suit is not so clear. Section 24 applies to carriers, whereas, § 25 applies to railroad personal injury suits. A railroad is a carrier, but there are other forms of carriers, and in that sense § 25 is more specific, since it applies specifically to railroads. Section 24 applies to damage suits of a passenger, whereas, § 25 applies to damage suits arising from personal injuries. This suit was one for personal injuries and of a passenger. Section 24 is more specific from the standpoint of parties (passenger), but less specific from the standpoint of the nature of the action (personal injuries). Under the express provisions of §§ 24 and 25, we are unable to say that either is more specific than the other or that one is subordinate to the other from the standpoint of the situations they reach.

We doubt that the Legislature intended to cut through the venue jungle with the keen knife edge ascribed to it by both appellant and appellee. On the contrary, we think that the Legislature could and would have accomplished its precision and carved the neat distinction had that been its intent and purpose. We think that the Legislature did nothing more than write two venue sections that equally reach the situation here presented, and that in such an instance the mandatory provision will control over the permissive section. Since § 25 is mandatory, we think that it is the one which fixes the venue for appellee's suit for damages against a railroad corporation for her claimed damages arising from personal injuries. Fetherston v. State, Tex.Civ.App., 146 S.W.2d 1078; South Texas Development Company v. Williams, 130 Tex. 217, 107 S.W.2d 378; Reagan County Purchasing Company v. State, Tex.Civ.App., 65 S.W.2d 353; Gulf, C. & S. F. Ry. Co. v. Ward, 58 Tex.Civ. App. 210, 124 S.W. 130. Contra, 1 McDonald, Texas Civil Practice, § 4.31.

Appellee, in addition to her reliance upon § 24, also urged that she was a resident of Bexar County on the date of the injury, and that even under § 25 she could file the suit in the county of her residence. The trial court expressly did not decide which of the two counties was her true residence.

▮ While we have no authority to make original findings on disputed evidence, the evidence shows as a matter of law, after the case was fully developed, that appellee was unable to prove the fact of actual residence in Bexar County. By reason of this absence in the proof, we shall proceed to dispose of the case rather than order a remand. Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164; Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47, 150 A.L.R. 1369; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458.

▮ The injury complained about occurred on July 24, 1949, and under § 25 that must be the date for the determination of appellee's residence. The residence issue was tried as of that date and the evidence shows that appellee at that time had a definite fixed intent to move from Gonzales to Bexar County. Her husband had died shortly before that date, and she had visited with her daughter in Bexar County immediately before that date. She had bought her ticket and was returning to Gonzales County to complete her packing incident to the move to Bexar County. She testified that she went home "to finish my packing" because, as she continued, "I was going to move." Her testimony shows that she had sufficient and an abundance of reasons to support her intent to move, which is not disputed. But the evidence wholly fails to show the fact of actual moving until after the accident. The evidence shows that while appellee was packing and moving her effects, her daughter was going to obtain suitable living quarters for her in Bexar County. All these things were still incomplete when the injury occurred. They were all completed after the date of the injury. Under this state of facts, appellee had not yet acquired a settled fixed place of abode in Bexar County and she had not effected an actual and complete change of residence. Cross v. Johns, Tex.Civ.App.,

238 S.W. 354; Pecos & N. T. Ry. Co. v. Thompson, Tex.Civ.App., 140 S.W. 1148. She had visited in the home of her daughter immediately before the injury, but a residence with some degree of permanence had not yet commenced. The overt act of actually moving to Bexar County had not even commenced. A. H. Belo Corporation v. Granberry, Tex.Civ.App., 9 S.W.2d 443; Fort Worth & D. C. Ry. Co. v. Monell, 50 Tex.Civ.App. 287, 110 S.W. 504. The fact of an actual removal to a dwelling or another habitation is of equal importance as Mrs. Tankersley's intent to move and remain there with some degree of permanence. United Services Automobile Association v. Harman, Tex.Civ.App., 151 S.W.2d 609. We find no evidence in the record that she had acquired a fixed place of abode in Bexar County on July 24, 1949. Snyder v. Pitts, Tex.Sup. 241 S.W.2d 136. The most that the evidence reveals is an intent to make an immediate move to Bexar County.

The order of the trial court is reversed and judgment is here rendered that the cause be transferred to Gonzales County in accord with Rule 89, Texas Rules of Civil Procedure.