**652**

**J. M. & C. CONTRACTING COMPANY
et al., Appellants,**

v.

**C. A. STEWART, Appellee.**

No. 6272.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 19, 1959.

Kenley, Sharp, Ritter & Boyland, Longview, for appellants.

Jones, Brian & Jones, Marshall, for appellee.

ANDERSON, Chief Justice.

The appeal is from an order of the district court of Jefferson County, 60th Judicial District, overruling a plea of privilege. As an aftermath of a collision in Wood County, Texas, on February 28, 1958, between an automobile in which C. A. Stewart and his wife were riding and a truck that was being driven by W. F. Thomas, Stewart, a resident of Fannin County, for himself and on behalf of his wife, filed this suit in Jefferson County on June 25, 1958, to recover damages from Thomas and his employer, J. C. Wells, who did business under the trade name of J. M. & C. Contracting Company. The defendants filed a joint plea of privilege, seeking transfer of the cause to Wood County. Plaintiff seasonably controverted the plea of privilege, setting up that defendant Thomas was a resident of Jefferson County when the suit was filed and that the action was therefore maintainable in said county, under the provisions of Article 1995, Vernon's Texas Civil Statutes. The plea of privilege having been overruled, the defendants duly perfected this appeal.

The only question we are called upon to decide is that of whether there was evidence, and sufficient evidence, to support the trial court's conclusion that defendant Thomas was in fact a resident of Jefferson County when the suit was instituted. We hold that there was. His wife and at least one of his minor children was living at Hamshire, in Jefferson County, when the suit was filed. They occupied a house that Thomas and his wife had been renting during the preceding three years, and all of the family's household and kitchen furniture was in it. The two remaining Thomas children, both minors, had also lived with their mother in the house until some thirty days before the suit was filed. Thomas him-

self had not spent much time there, having been employed elsewhere, but it had been the home of his family, and he returned there from time to time. His family, whom he supported or helped support, had no other home during the three-year period. Prior to November, 1957, Thomas had worked on drilling rigs, first at one place and then another. But during that month he began working for defendant Wells, in Wood County. He said it was his intention at that time to move his family to Wood County at the end of the 1957–1958 school term, and his family did actually move there during the first or second week of July, 1958. In the meantime, Thomas had been living in a rented room in Mineola, Texas, and upon a number of different occasions had represented that he lived there. He returned to Beaumont infrequently and for only brief visits. He had with him in Mineola all of his clothing and personal effects and his wife visited him there from time to time. But he had not moved any of his household effects, and the house in Hamshire was not surrendered until after the suit was filed. His wife testified that she moved on July 1, 1958. The evidence would in all likelihood support a finding that for venue purposes defendant Thomas was a resident of Wood County, but it is now well established that for such purposes one may have more than one residence, and the evidence did not, in our opinion, establish as a matter of law that he was no longer a resident of Jefferson County. We think the trial court was justified in concluding that Thomas was still domiciled in Jefferson County, and was therefore a resident of such county, until he moved his family and household effects in July. See Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136. Appellants largely rely upon Faires v. Young, 69 Tex. 482, 6 S.W. 800, but the cases are distinguishable on their facts. The husband had in that instance completed moving, except that his wife and members of the family had been detained in the home of the wife's parents by illness. The theory of the case is not contrary to, and even tends to support, the disposition that is being made of the case at bar.

The judgment of the trial court is affirmed.