Terry R. DALEHITE, Appellant,

v.

Perry Rowan SMITH, Appellee.

No. 14238.

Court of Civil Appeals of Texas.

San Antonio.

March 18, 1964.

Clemens, Knight, Weiss & Spencer, Edward R. Finck, Jr., San Antonio, for appellant.

John Peace, San Antonio, for appellee.

BARROW, Justice.

This is a venue action. Appellee, Perry Rowan Smith, filed suit in Bexar County, Texas, to recover attorney's fees, and appellant, Terry R. Dalehite, filed his plea of privilege to be sued in Frio County, Texas. Appellee controverted this plea and asserted that venue was properly in Bexar County under Subd. 3, Art. 1995, Vernon's Ann.Civ.St. The trial court, after a nonjury hearing, overruled the plea of privilege, and appellant perfected this appeal.

To maintain venue under Subd. 3 of the venue statute it is necessary for appellee to prove that he is a resident of Bexar County and that appellant resides outside of Texas. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758; Ward v. Davis, Tex.Civ.App., 262 S.W.2d 533. It is un-

disputed that appellee has resided in Bexar County since 1950, and therefore only the residence of appellant is in issue. Appellee filed this suit on July 17, 1962, and appellant was served with out of state notice in Denver, Colorado.

■ Appellant urges by three points, that there is no evidence to support the trial court's implied findings that appellant abandoned his domicile in Frio County prior to the filing of this suit and was a nonresident of Texas for purposes of venue. In passing upon these points, it is our duty to examine the evidence in the light most favorable to appellee and to indulge every reasonable inference in favor of the judgment. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Lambert Corporation v. Martin, Tex.Civ.App., 369 S.W.2d 703.

For about twenty years prior to June, 1961, appellant lived with his wife and family on a ranch near Pearsall in Frio County. In September, 1960, appellant sold his ranch, together with all his equipment and livestock, retaining only one-half of the mineral interest in the land. He received one-fourth of the consideration in cash and was given a note, secured by a deed of trust, for the balance. Under the terms of this sale, full possession was to be given vendee on July 15, 1961. In June, 1961, appellant and his family moved to Denver, Colorado. Since that time, appellant has not been in Frio County, except for brief visits. He owns no real estate there, and on his few visits rented a room at the hotel.

Appellee testified that he helped appellant pack all the family household and personal effects for the move and that appellant stated that he liked the climate in Denver and was going to live there. Appellant purchased a house in Denver in September, 1961, for $28,000, which he retained until February, 1963. Appellant and his famiily remained in Denver until January, 1962, when he and his family went to Guadalajara, Mexico. Appellant told appellee that he would live there, and testified that he had no home other than the one in Guadalajara.

Appellant testified that his only purpose in going to Colorado was to attend school which he did during the summer of 1961. He did not attend school during the fall semester so that he could hunt. There was no evidence that he was pursuing any course of study. He testified that he went to Mexico in order that his four minor children could receive the benefit of a bilingual and bicultural education. He denied having any intention of abandoning Frio County as his legal residence, and corroborated this by written evidence showing that he has claimed Frio County as his residence on poll taxes, automobile license receipts and hunting licenses. He did not express any intention of when he might return to Frio County, if ever. Since one of his children is an infant, their education would presumably take a number of years.

■■ It has been settled since Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136, that the word "domicile" as used in the venue statute, means "residence" which is a lesser-included element within the technical definition of "domicile." One of the elements of "residence" as there stated by the Supreme Court is: "a fixed place of abode within the possession of the defendant." Appellant does not meet this test of residence in Texas.

In Texas & N. O. R. Co. v. Tankersley, Tex.Civ.App., 246 S.W.2d 253, this Court held that plaintiff's residence had not changed from Gonzales County to Bexar County when she had not acquired a fixed place of abode in Bexar County, although she had a definite intention to do so. See also: Prince v. Inman, Tex.Civ.App., 280 S.W.2d 779; Major v. Loy, Tex.Civ.App., 155 S.W.2d 617.

It is therefore our opinion that there is evidence to support the trial court's implied finding that at the time appellee's suit was filed, and when appellant was served with process, appellant was a nonresident of Texas.

The judgment is affirmed.