W. M. BUCHANAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17375.   Promulgated July 8, 1930.

*Fred A. Woodis, Esq.*, and *Frank G. Butts, C. P. A.*, for the petitioner.

*Hartford Allen, Esq.*, for the respondent.

OPINION.

STERNHAGEN: Petitioner and his wife, Anna K. Buchanan, filed separate individual returns for 1921 upon which each reported an alleged distributive share of one-fourth of the income of an alleged partnership called Lumber Buyers, as shown by a partnership return filed in that name. The partnership return of Lumber Buyers showed as partners petitioner, his wife, E. R. Daley, and Mary G. Daley. Respondent, after an investigation and recommendation by a revenue agent, determined that petitioner's wife was not a partner in Lumber Buyers, increased petitioner's income accordingly, and found a deficiency of $2,386.55 in petitioner's income tax for 1921. It is not clear how the income and deficiency were computed, but this would only be important if by our decision a recomputation of the deficiency were necessary.

The petitioner alleges and has undertaken to prove that his wife was a partner in Lumber Buyers and as such entitled to a direct distribution of one-fourth of its profits. We are, however, of opinion that the evidence does not prove the partnership relation of the wife.

The only affirmative evidence is the petitioner's oral testimony. He described at length the history of the wholesale and retail lumber business and related enterprises in which he had been engaged, asserting the organization of several partnerships and a corporation. Soon after his marriage in 1890 he began the operation of a lumber-yard. The business was operated under the name of W. M. Buchanan & Co. He contributed $5,000 and his wife $6,000. They both signed firm checks and shared profits equally. Since we are not called upon the decide whether W. M. Buchanan & Co. was a partnership, we treat it hypothetically as such. Among the several enterprises operated and financed by this firm was one called the Buchanan-Daley Co., started in 1908 and incorporated prior to 1920, dealing in lumber and building materials. In 1920 Lumber Buyers was organized as a separate and apparently subsidiary organization to this corporation, for the purpose of handling purchases and whole-sale sales. The organization was not covered by a writing, but petitioner told Daley "that W. M. Buchanan & Co., based on their holdings in the Buchanan-Daley Company, and E. R. Daley, based on his holdings in the Buchanan-Daley Company, would be Lumber Buyers." The return of Lumber Buyers, it will be recalled, showed as "partners" the four individuals in equal shares. The greater part of the capital of Lumber Buyers was contributed in the form of checks of the Buchanan-Daley Co. to the credit of Lumber Buyers. The petitioner's wife took no active part in the conduct of the busi-

ness of Lumber Buyers. She rendered no services and received no salary. She never signed any of the checks. A set of books and records covering the transactions of Lumber Buyers was kept by the bookkeepers of the Buchanan-Daley Co. They were kept in the same set of books as the records of the latter company—as a subsidiary's account records. They contained, among other things, the capital accounts. The return of Lumber Buyers contains a balance sheet showing capital accounts in the names of W. M. Buchanan and E. R. Daley, in the amount of $21,774.04 each, and a profit and loss statement showing a distribution of the entire net profit for 1921 between W. M. Buchanan and E. R. Daley in equal proportions. This was taken from the books. Neither the name of Anna K. Buchanan nor that of Mary G. Daley appeared anywhere on the books.

Other than petitioner's statement that Lumber Buyers was a partnership consisting of W. M. Buchanan & Co. on the one hand and Daley on the other, there is not a fact or circumstance to indicate the existence of such a partnership or the wife's membership in it. The sharing of profits can not have the same significance in a proceeding such as this as in a suit to establish a partnership over the opposition of one or more of its alleged members. It is in that kind of litigation that the varying tests of partnership have been considered, the purpose of the law being to fix the burdens of partnership liability correlatively with the enjoyment of its fruits. But the test loses its force when the sharing of profits is relied upon not to justify liability, but to support the additional advantage of husband and wife in being taxed as partners. In such a dispute it has been said before that there must be more than the husband's mere self-serving statement that a partnership existed or was intended to exist. See *James L. Robertson*, 20 B. T. A. 112. There must be credible evidence of acts, conduct, facts and circumstances demonstrating the alleged partner's actual participation in the business and assumption of its responsibilities to those with whom the business is transacted. While husband and wife and other members of a family may be recognized as eligible to conduct themselves as a partnership, it is not lightly to be assumed or established that they do. When, in addition to the close family relation, by reason of which the statute gives them a peculiar election to file either joint or separate returns, they seek to establish a business relation as partners and thus to augment the peculiar advantage of such election, it is in our opinion no more than justice and good sense to require substantial circumstantial evidence to support the statements which they make in their own behalf. This is particularly true since the legal recognition of a partnership has in general litigation ever been affected by the course of conduct of all the parties concerned as manifesting the partner-

ship contract and not alone by the statements, prospective or retrospective, of understanding or intention. The existence of a partnership is often so problematical and difficult to determine that the statement by the ordinary individual as to its existence amounts to a mere legal conclusion and is entitled to little weight. Such a conclusion it is the function of the Board to draw from evidence of sufficient primary facts to demonstrate it.

The record in the present case lacks sufficient evidence that petitioner's wife was a partner in Lumber Buyers and the respondent's determination is sustained.

*Judgment will be entered for the respondent.*