THOMAS M. HALL and GENE A. HALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
Docket No. 7518-78.
United States Tax Court
T.C. Memo 1980-576; 1980 Tax Ct. Memo LEXIS 5; 41 T.C.M. (CCH) 624; T.C.M. (RIA) 80576; December 30, 1980
*5 H and W claimed deductions for charitable contributions, business expenses, and a payment of interest. They also claimed deductions for contributions made to an individual retirement account. Held: (1) H and W failed to prove that they were entitled to deductions for charitable contributions, business expenses, and a payment of interest in excess of the amounts allowed by the Commissioner; (2) H was an active participant in a retirement plan established for its employees by the U.S. and therefore was not eligible to make contributions to an individual retirement account; and (3) Part of the underpayment of tax for each year in issue was due to negligence. Thomas M. Hall, pro se. Mathew E. Bates, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in and additions to the petitioners' Federal income taxes: Addition to Tax
Sec. 6653(a)
Year
Deficiency
I.R.C. 1954 [1]
1974
$ 2,025.90
$ 101.30
1975
1,058.73
52.94
1976
815.04
40.75
The issues for decision are: (1) Whether the petitioners are entitled to a deduction *6 for charitable contributions for 1974, 1975, and 1976 in excess of the amounts allowed by the Commissioner; (2) whether the petitioners are entitled to a deduction for business expenses for 1974, 1975, and 1976 in excess of the amounts allowed by the Commissioner; (3) whether the petitioners are entitled to a deduction for a payment of interest in 1974; (4) whether the petitioners are entitled to deduct contributions made to an individual retirement account in 1975 and 1976; and (5) whether the petitioners are liable for additions to tax under section 6653(a) for negligence for each year in issue. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Thomas M. and Gene A. Hall, husband and wife, maintained their legal residence in Salisbury, N.C., at the time they filed their petition in this case. They filed their joint Federal income tax returns for the years 1974, 1975, and 1976 with the Internal Revenue Service Center, Memphis, Tenn.
From June 27, 1971, until September 25, 1976, Dr. Hall was employed as a physician by the Veterans Administration Hospital (VA), Salisbury, N.C. Dr. Hall did not actually work at the hospital after *7 January 1975, and his employment with the VA was terminated for medical reasons on September 25, 1976. During the years 1974 through 1976, Dr. Hall did not engage in the private practice of medicine, nor did he receive any compensation from the practice of medicine other than from the VA. While he was employed by the VA, he did no traveling in his capacity as an employee for which he was not reimbursed. From June 27, 1971, until July 1975, the petitioners lived in quarters on the hospital grounds. Dr. Hall's personal medical equipment was stored in such quarters. In July 1975, Dr. Hall paid $ 1,108 to transport such medical equipment and his household furnishings from his Government quarters to his home in Salisbury, N.C. On his Federal income tax return for 1975, he deducted one-half of such payment, $ 554, as a business expense. Such amount was based on his estimate that one-half of the items moved consisted of his medical equipment. The petitioners deducted business expenses of $ 1,620 for 1974, $ 1,427 for 1975, and $ 343 for 1976.In his notice of deficiency, the Commissioner disallowed such deductions in their entirety, except for the expense of Dr. Hall's medical license, *8 which was $ 5 in 1974 and 1975 and $ 10 in 1976. During part of 1975, Dr. Hall was in pay status and received compensation from the VA. Contributions to the Civil Service Retirement System (CSR) were withheld from such compensation. However, from January 1, 1976, until he was terminated on September 25, 1976, Dr. Hall was on leave of absence without pay. During 1976, the only compensation Dr. Hall received from the VA was 12 weeks of severance pay, which was paid after his termination. Although Dr. Hall was employed by the VA for more than 5 years, he had less than 5 years of creditable service under the CSR. Accordingly, he was not eligible for a pension under the CSR. Mrs. Hall was not employed during 1975 or 1976. In 1975, the petitioners made, and claimed a deduction for, a contribution to an individual retirement account (IRA) in the amount of $ 1,500.00. In 1976, they made, and claimed a deduction for, a like contribution of $ 1,200.00. The Commissioner disallowed the 1975 deduction in its entirety and disallowed the 1976 deduction in the amount of $ 1,191.61 on the basis that Dr. Hall was an active participant in the CSR during 1975 and 1976. In 1974, 1975, and 1976, *9 the petitioners prepared checks payable to the Christian Laymen's Union, Inc. (CLU), each in the amount of $ 3,000. Such checks were never negotiated. The petitioners claimed deductions for charitable contributions in the amounts of $ 3,646 for 1974, $ 3,024 for 1975, and $ 3,015 for 1976. In his notice of deficiency, the Commissioner disallowed such deductions in their entirety. However, at trial, he conceded that the petitioners had made deductible charitable contributions to organizations other than CLU of $ 31 in 1974, $ 28 in 1975, and $ 5 in 1976. On their 1974 return, the petitioners claimed a deduction of $ 186 for interest paid to CLU. In his notice of deficiency, the Commissioner disallowed such deduction in its entirety. OPINION The issues for decision are whether the petitioners are entitled to deductions for charitable contributions, business expenses, and an interest payment in excess of the amounts allowed by the Commissioner, whether they are entitled to deduct contributions made to an IRA, and whether any part of the underpayment of tax for each of the years in issue was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a).The *10 petitioners have the burden of proof on each of such issues. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933); Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). To be allowed a deduction for charitable contributions, the petitioners must prove that the contributions were made during the taxable year. Sec. 170(a)(1). Dr. Hall testified that the checks payable to CLU were prepared and delivered to it and that instead of negotiating such checks, CLU returned the checks to him in exchange for a fractional interest in a certificate of deposit held in his name. In support of such testimony, the petitioners introduced into evidence copies of such unnegotiated checks dated December 31, 1974, December 31, 1975, and December 31, 1976, each in the amount of $ 3,000, and a receipt dated December 14, 1976, signed by Mrs. Hall in her capacity as secretary-treasurer of CLU, for contributions made during 1975 of $ 3,614. Dr. Hall's testimony regarding the alleged transactions lacked details, and he produced no documents or other specific information to show that CLU acquired a fractional interest in any certificate of deposit. The unnegotiated checks *11 and the receipt introduced into evidence, although relevant, were self-serving, and in the light of the relationship between the Halls and CLU, such evidence, without more, is not sufficient to satisfy the petitioners' burden of proof that a fractional interest in a certificate of deposit was transferred to CLU. Cf. Richardson v. Commissioner,264 F. 2d 400, 403 (4th Cir. 1959), affg. on this issue a Memorandum Opinion of this Court; Buchanan v. Commissioner,20 B.T.A. 210 (1930); Robertson v. Commissioner,20 B.T.A. 112 (1930). Moreover, even if we were to find that the petitioners had adequately substantiated their claimed contributions to CLU, the petitioners would not be entitled to a deduction for such contributions. In order for a contribution to be deductible under section 170(a), the donee must qualify under section 170(c)(2). Such section requires that a religious organization show that it is organized and operated exclusively for religious purposes, that no amount inures to the benefit of any private individual, and that it is not involved in attempting to influence legislation and not participating in any political campaign on behalf of a candidate. See also sec. 501(c)(3). *12 Section 508(c)(1) exempts churches from the mandatory requirement of filing an application for exemption, but when the Commissioner determines that an organization is not entitled to exemption as a church, the organization or its contributors have the burden of proving its entitlement to exempt status. See sec. 1.508-1(a)(3), (4), Income Tax Regs.
The sole evidence with respect to CLU's exempt status is the petitioners' claim that it was incorporated under Virginia law as a nonprofit religious corporation. However, such evidence is not sufficient to establish its entitlement to exemption under the Internal Revenue Code. See sec. 501(c)(3). Thus, the petitioners have failed to carry their burden of proving that CLU qualifies as a religious organization under section 170(c)(2).
The petitioners contend that we cannot require them to produce evidence relating to the religious activities of CLU since to do so would infringe upon their First Amendment guarantee of freedom of religion. Free exercise of religion, as guaranteed by the First Amendment, embraces the concepts of freedom to believe and freedom to exercise. The former is absolute; the latter remains subject to regulation *13 for the protection of society. See Cantwell v. Connecticut,310 U.S. 296, 303-304 (1940). To require the petitioners to submit evidence with respect to CLU's qualification as a religious organization will not affect the petitioners' freedom of belief. However, if they seek the benefit of a tax deduction for a charitable contribution, they must produce some evidence through which we can determine their entitlement to a deduction. To require the petitioners to submit such evidence will, at most, constitute an incidental burden upon the petitioners' free exercise of religion. The imposition of such an incidental burden, when balanced against the substantial Government interest in maintaining the integrity of its fiscal policies, is constitutionally permissible. United States v. Jordan,508 F. 2d 750, 752 (7th Cir. 1975), cert. denied 423 U.S. 842 (1975); Christian Echoes National Ministry, Inc. v. United States,470 F. 2d 849, 856-857 (10th Cir. 1972), cert. denied 414 U.S. 864 (1973); General Conf. of Free Church v. Commissioner,71 T.C. 920, 930 (1979). Accordingly, we hold that the petitioners failed to prove that they made contributions to qualified organizations in excess of *14 the amounts allowed by the Commissioner. On their 1974 return, the petitioners claimed a deduction of $ 186 for interest paid to CLU. Section 163(a) allows a deduction for interest paid by the taxpayer, but to be entitled to such deduction, the taxpayer must show that the interest was paid on an indebtedness owed by him. Christensen v. Commissioner,40 T.C. 563 (1963). Dr. Hall testified that the interest for which the deduction was claimed represented CLU's share of the interest on the certificate of deposit and that such interest was reported by the petitioners on their 1974 return. However, the evidence was vague, and the petitioners failed to present any documentary or other convincing evidence showing that CLU had a fractional interest in the certificate of deposit, that there was an indebtedness requiring Dr. Hall to pay such interest, or that the interest was in fact paid to CLU. In the absence of such evidence, we have no choice but to disallow such deduction. The petitioners claimed deductions under section 162(a) for the cost of insuring Dr. Hall's medical equipment and for taxes thereon, for the cost of transporting such equipment from his VA quarters to his home, *15 for interest on a loan used to purchase such equipment, for Dr. Hall's business use of his automobile, and for unreimbursed expenses of attending a medical conference in Chicago. Section 162 provides that a deduction shall be allowed for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Dr. Hall was employed by the VA; he received no compensation from the practice of medicine other than from the VA. However, it is the petitioners' contention that since Dr. Hall might return to private practice, he was in the trade or business of being a physician and not merely that of being an employee. Thus, the petitioners argue that they are entitled to the deductions attributable to the medical equipment and to the use, in part, of their automobile since such expenses were necessary to preserve such assets until Dr. Hall returned to private practice. To qualify for a business deduction, the expenses must relate to the existing occupation, as opposed to the future occupation, of the taxpayer. McDonald v. Commissioner,323 U.S. 57, 60-61 (1944). It has been held that the term "trade or business" does not include preparation *16 either for commencing or for resuming a trade or business. See Owen v. Commissioner,23 T.C. 377 (1954); Westervelt v. Commissioner,8 T.C. 1248 (1947). In Owen, the petitioner was a Government attorney, who, while employed by the Justice Department and not deriving any income from the private practice of law, deducted the expenses of maintaining his law office. In holding that such deductions were not allowable, we said: We believe that there is a distinction which must be drawn between practicing law and maintaining an office available for the practice of law. * * * Keeping an office in readiness for use is not equivalent to actually using it for the practice of law. * * * the instant case is analogous to those involving expenses incurred in preparation for engaging in a trade or business. We have held frequently that such expenses are not deductible as trade or business expenses * * * petitioner in effect incurred expenses in preparation for the resumption of his trade or business; that is, his return to the practice of law * * * at some indefinite future date. * * * [23 T.C. at 380-381; emphasis in original.] We assume, and the petitioners introduced no evidence to the contrary, *17 that the VA furnished Dr. Hall with all necessary equipment. Hence, the petitioners maintained Dr. Hall's medical equipment solely in order to have it available if he re-entered private practice at some indefinite future date. The present case is indistinguishable from Owen, and for the reasons stated therein, we hold that deductions claimed for the cost of insuring Dr. Hall's medical equipment and for taxes thereon and for the cost of transporting such equipment from his VA quarters to his home were properly disallowed by the Commissioner. In computing their claimed deduction attributable to the business use of their automobile, the petitioners combined the optional mileage method authorized by the Commissioner with the approach based on actual expenses. Dr. Hall's testimony was, at best, confusing. Although able to substantiate some of his expenses, he introduced no evidence delineating the business use of his car, other than his claim that he was protecting it in the event he re-entered private practice. It is clear that a portion of the automobile expense claimed by the petitioners for 1975 was attributable to Dr. Hall's search for an area in which to enter private practice *18 after he learned he would be unable to return to the VA. However, since Dr. Hall was not in private practice at such time, such expenses constitute the cost of looking for a trade or business and are, therefore, not deductible.See Frank v. Commissioner,20 T.C. 511 (1953). As we held in connection with the expenses attributable to the medical equipment, any claim that expenses were incurred to maintain the car for possible future use in a trade or business does not justify a deduction of such expenses under section 162(a). Since the petitioners have failed to prove that their automobile was actually used in a trade or business in the years in issue, we sustain the Commissioner's disallowance of the deduction for automobile expenses claimed by them. In 1974, Dr. Hall attended a medical conference at the University of Chicago, and he claimed a business deduction for unreimbursed expenses of $ 355.00. To support the amount of the alleged expenses, Dr. Hall introduced a travel voucher which shows expenses of $ 355.97 and which was submitted to the VA for reimbursement. He testified that "I was not able to find any record of reimbursement." However, the VA may have allowed some or all *19 of the claim. We have no evidence that it was rejected in whole or in part, and Dr. Hall's testimony was insufficient to prove that he did not receive reimbursement for the expenses. In the absence of such evidence, we hold that the petitioners have not carried their burden of proof on this issue. On their 1974 return, the petitioners also claimed a business deduction for the payment of interest of $ 600. Dr. Hall's testimony on this issue was both confusing and contrdictory. He testified that such expense related to money he had borrowed from CLU to purchase medical equipment; but he also testified that he had not borrowed funds from CLU and that the $ 600 was related to CLU's fractional ownership of the certificate of deposit held in his name. In either event, the petitioners failed to substantiate either the existence of a debt or the payment of interest. Accordingly, we hold that the Commissioner's disallowance of such deduction was correct. On their 1975 and 1976 returns, the petitioners claimed deductions for contributions to an IRA. They contend that such deductions should be allowed since Dr. Hall had no vested rights in the CSR and that, at the time the contributions *20 were made, it was apparent that he was not going to be eligible for a pension under the CSR. Subject to certain limitations, section 219(a) allows taxpayers to deduct amounts paid in cash to an IRA during the taxable year. However, section 219(b)(2) provides that No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (iv) a plan established for its employees by the United States * * * Section 219 does not define the term "active participant," but based on the language of the report of the House Ways and Means Committee (H. Rept. 93-807 (1974), 1974-3 Supp. C.B. 236, 364), we have held that an individual is considered an active participant if he is accruing benefits under a qualified plan, even if he has only a forfeitable right to such benefits and even if such rights are subsequently forfeited. See Orzechowski v. Commissioner,69 T.C. 750, 753-754 (1978), affd. 592 F. 2d 677 (2d Cir. 1979). Hence, the test is not whether an individual actually receives or has vested rights to benefits under a qualified plan, but whether during some portion of the year he was accruing benefits under *21 such a plan. It is clear that for a portion of 1975, Dr. Hall was either working or was on leave with pay status. During such period, he received compensation from the VA from which contributions to the CSR were withheld. Hence, Dr. Hall accrued benefits under the CSR during 1975 and was, therefore, an active participant in a retirement plan. Accordingly, the petitioners are not entitled to a deduction for the contributions made to an IRA in 1975. [2]
Dr. Hall was on leave of absence without pay from January 1, 1976, until he was terminated on September 25, 1976. During 1976, the only compensation he received from the VA was 12 weeks of severance pay. For the purpose of computing benefits under the CSR, the payment of severance pay does not result in the payee receiving any credit for the period to which such pay relates. 5 U.S.C. sec. 5595(f) (1976). However, 5 U.S.C. section 8332(f) (1976) provides that if an employee is on leave of absence without pay for greater than 6 months in a calendar year, the first 6 months of such leave is creditable service in computing such employee's benefits under the CSR. Thus, Dr. Hall was an active *22 participant in a retirement plan from January 1, 1976, through June 30, 1976, and is, therefore, not entitled to a deduction for the contribution made to an IRA in such year. [3]
The final issue for decision is whether any part of the underpayment of tax for each of the years in issue was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). The petitioners did not recognize the difference between the addition to tax under section 6653(b) for fraud and the addition to tax under section 6653(a) for negligence. In this case, the Commissioner has asserted that the underpayments of tax by the petitioners were due to their negligence, and to avoid liability for the addition to tax under section 6653(a), the petitioners have the burden of showing that they exercised due care in the preparation of their returns and the payment of taxes. Bixby v. Commissioner,supra; *23 Courtney v. Commissioner,28 T.C. 658, 669-670 (1957). With respect to their claimed deductions for contributions to an IRA, we find the petitioners were not negligent. At the time they made such contributions, section 219 had been in effect for less than 3 years, [4] and regulations had not been issued by the Commissioner. [5] Also, it was not until 1978 that we decided the issue of what constitutes an active participant.See Orzechowski v. Commissioner,supra.However, with respect to their other claimed deductions, especially their claim for automobile expenses, we find that, although they no doubt acted in good faith, their claims were so clearly wrong as to constitute negligence. Section 6653(a) provides that if any part of the underpayment of tax is due to negligence, the 5-percent *24 penalty is computed not on that part of the deficiency but on the entire underpayment. See Abrams v. United States,449 F. 2d 662 (2d Cir. 1971); England v. Commissioner,34 T.C. 617, 622-623 (1960).Hence, although only part of the deficiency was due to negligence, the addition to tax under section 6653(a) must be applied to the whole deficiency. To reflect the concessions made by the Commissioner, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. See Hauser v. Commissioner,T.C. Memo. 1980-13↩.
3. Although the petitioners claimed a deduction of $ 1,200.00 for a contribution to an IRA on their 1976 return, the Commissioner disallowed such deduction in the amount of $ 1,191.61 in his notice of deficiency. No explanation is given by the Commissioner with respect to such discrepancy.↩
4. Sec. 219↩, effective for taxable years beginning after 1974, was added to the Code by the Employee Retirement Income Security Act of 1974, Pub. L. 93-406, 88 Stat. 958. 5. Sec. 1.219-2, Income Tax Regs., defining active participant, was proposed on March 23, 1979, and was adopted on Aug. 7, 1980, by T.D. 7714, 1980-40 I.R.B. 6↩. Such regulations are effective for taxable years beginning after Dec. 31, 1978.